# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------x
In re:                                    :    CASE NO. 13-12120
                                          :
LEVEL III TRADING PARTNERS, L.P.          :    CHAPTER 11
                                          :
              DEBTOR                      :    SECTION "A"
-----------------------------------------------------------x

PATRICK  C.  COTTER,  IN  HIS                  ADVERSARY NO.
CAPACITY AS TRUSTEE OF THE                     15-1068
LEVEL III TRADING PARTNERS, L.P.
LITIGATION TRUST

                    PLAINTIFF

VERSUS

JENNIFER JUNG

                    DEFENDANT
```

## OPPOSITION TO MOTION TO CONTINUE TRIAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Jennifer Jung, who submits her Opposition to the Motion to Continue Trial filed by the Trustee.

The Trustee filed his "Motion to Continue Trial" seeking a continuance of the trial, and it appears although not expressly prayed for, an extension of all deadlines. The intent of the Motion to Continue is clear- the Trustee does not have his expert report completed, even though the Level III Trading Partners bankruptcy has been ongoing for three (3) years. Trustee still (one year after the adversary was filed) cannot demonstrate that the transfers were fraudulent.

1

Trustee cannot meet his burden of proof to succeed in this litigation. Trustee should not be given additional time to determine that his cause of action should prevail. A preliminary inquiry should have been done before the adversary was filed, and maybe even a more in-depth review done before requiring Ms. Jung to expend significant sums of money, and emotional turmoil, defending this adversary proceeding. Trustee's behavior should not be countenanced, and sanctioned by this Court by awarding Trustee additional time to meet its burden of proof.

The Trustee has had the financial records of Level III Trading Partners since, arguable, plan confirmation in 2014. The Trustee had amply time to engage an expert and have an expert report submitted timely. The Trustee turned over his document production months ago, as did Ms. Jung and the other preferential transfer defendants. If the Level III Trading Partners records are a mess, they have always been a mess. This is not something new that should have surprised anyone. The Trustee always knew that sorting through the financial records would not be a "cake walk', but a year after filing the adversary proceeding against Ms. Jung, the Trustee has still not sorted through the records. Trustee lost his right to submit an expert report, which is fatal to his adversary proceeding against Ms. Jung.

Ms. Jung has lived in "dread" of the trial an adverse judgment against her in this adversary proceeding. She does not want to continue the trial, so that she has to worry about the suit for another 6 months or so. Additionally, the extension will only increase the attorney's fees Ms. Jung must pay to defend herself in this adversary proceeding. Ms. Jung should not have to bear the burden of the Trustee's failure to timely submit an expert report.

The timing is important here because Level III Trading Partners has been before this Court for year. On August 2, 2013, a group of eight limited partners/investors in Level III filed a Petition for Involuntary Bankruptcy, which was subsequently converted to a voluntary Chapter

11 on October 1, 2013. A plan of liquidation was approved and Patrick C. Cotter (Petitioner herein) was appointed as Plan Trustee by the plan confirmation order dated July 11, 2014.[1]

On April 10, 2015, Petitioner instituted several adversary proceedings seeking to avoid and recover distributions that the Debtor had made to several investors. Four (4) years and nine (9) days after the *last* transfer to Ms. Jung -- Petitioner filed this Complaint for Avoidance of Transfers.[2]

A pre-trial conference was held in this adversary proceeding on November 16, 2015. Thereafter, this Court issued an order governing the procedures for the trial in this matter.[3] The trial was set to begin on Wednesday, June 29, 2016 through Thursday, June 30, 2016. The Order contains deadlines for experts. The Order provided that the Trustee's experts must be identified by April 15, 2016, and the Trustee's expert report exchanged on April 20, 2016. The Court issued a *sua sponte* order continuing the trial on March 15, 2016. The trial was continued to July 20 – 21, 2016. The expert deadlines were not extended.[4]

After an informal request for an extension of deadline to submit the Trustee's expert report from the Trustee's attorney on April 18, 2016, it was agreed that the Trustee's deadline to provide expert reports was extended to Wednesday, April 27, 2016.

We came before this Court on April 21, 2016 on Ms. Jung's motion for summary judgment. The Court continuing the motions for summary judgment to May 25, 2016. The "Amended Order Continuing Hearing" specifically provides:

---

[1] *See,* "Order Confirming Chapter 11 Plan", Case No. 13-12120, Rec. Doc. 222.

[2] *See* "Complaint for Avoidance of Transfer," Case No. 15-1146, Rec. Doc. 1.

[3] *See,* "Order", Case No. 15-1146, Rec. Doc. 7.

[4] *See,* "Order", Case No. 15-1146, Rec. Doc. 12.

    IT IS FURTHER ORDERED that Patrick Cotter shall deliver his expert's report to the defendants no later than <u>April 28, 2016</u>.[5]

This Court was very clear during oral argument on Ms. Jung's motion for summary judgment that the Trustee's expert report was due on April 28, 2016, because the Trustee represented that its expert report was critical to this adversary proceeding moving forward.

  Ms. Jung notified Trustee's counsel yesterday at 3:13 p.m. that she did not consent to the relief requested, and asked that her position be included in the Trustee's request for a continuance. Trustee filed his "Motion to Continue Trial" at 4:39 p.m. (late in the afternoon on the very day his expert report was due); yet, Ms. Jung's opposition was not included. Trustee did advise Ms. Jung later that he did not see her response until after the continuance request was filed. Ms. Jung has always opposed the continuance request, and advised Trustee of same.[6]

## CONCLUSION

  Ms. Jung opposes the Trustee's motion to continue the trial to give the Trustee sufficient time to pull together an expert report, and to meet its burden of proof (which should have been established long ago). Trustee had his chance; and, any additional time granted to the Trustee will prejudice Ms. Jung who does not have the sufficient resources to retain her own expert to counter the Trustee's expert report. Allowing the Trustee additional time violates Ms. Jung's rights, and the express guidance from this Court at the pre-trial conference that the trial would not be contained except in extreme circumstances.

---

[5] *See,* "Amended Order Continuing Hearing", Case No. 15-1146, Rec. Doc. 22.

[6] Upon information and belief, Ms. Jung understands that the other preferential transfer defendants also oppose the continuance request.

Respectfully submitted:

**KINGSMILL RIESS, L.L.C.**

By: *s/ Christy R. Bergeron*
Marguerite K. Kingsmill (Bar #7347)
Christy R. Bergeron (Bar #22944)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: mkingsmill@kingsmillriess.com
E-mail: cbergeron@kingsmillriess.com

*Attorneys for Jennifer Jung*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of April, 2016, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Christy R. Bergeron*
Christy R. Bergeron